IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles B. Byers, | ) | Civil Action No. 2:11-cv-00020-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case was referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. Respondent moved for summary judgment (Dkt. Nos. 20 and 21) and Petitioner filed a response (Dkt. No. 27). The Magistrate Judge issued a Report and Recommendation on November 21, 2011, recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 32). Petitioner has filed objections to the R&R. (Dkt. No. 39). As explained herein, the Court adopts the Magistrate Judge's Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses Petitioner's petition with prejudice. Because this Court agrees with the sound reasoning set forth in the Magistrate Judge's R&R, the Court addresses only the specific objections of Petitioner.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific

1

objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner argues in his objections that he "repeatedly pleaded with appointed post[-]conviction relief counsel, Charles Brooks, to amend the application, specifically regarding the meritorious improper bad malice jury instruction." (Dkt. No. 39 at 2). Because Brooks was allegedly ineffective in making the argument as to the malice jury instruction for Petitioner at his PCR hearing, Petitioner asserts that he was not able to "technically or otherwise fully exhaust" this claim. (*Id.*). As the Magistrate Judge noted, "Petitioner did not argue on direct appeal that the jury instructions were flawed, nor did Petitioner argue this claim of ineffective assistance of [his trial] counsel at any time during his PCR proceedings or PCR appeal." (Dkt. No. 32 at 25). Petitioner appears, for the first time, to argue that his PCR counsel was also ineffective in not arguing that the malice instruction was improper before the PCR court.

The exhaustion principle requires that Petitioner "fairly present his claim to the state's highest court" but may be "technically met when exhaustion is unconditionally waived by the state. . .or when a state procedural rule would bar consideration if the claim was later presented to the state court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Petitioner would be procedurally barred from presenting the argument that his PCR counsel was ineffective to the South Carolina courts. Under South Carolina law, S.C. Code Ann. § 17-27-90 "forbids a

2

successive PCR application unless an applicant can point to a 'sufficient reason' why the new grounds for relief he asserts were not raised, or were not raised properly in the first post-conviction relief application. . . ." *Matthews*, 105 F.3d at 915. Reasoning that "[f]inality must be realized at some point in order to achieve a semblance of effectiveness in dispensing justice," the South Carolina Supreme Court has held that "the contention that prior PCR counsel is ineffective is not *per se* a "sufficient reason" for allowing a successive PCR application under § 17-27-90." *Aice v. State*, 305 S.C. 448, 451 (S.C. 1991). In the instant case, Petitioner has not made a "specific showing of facts and circumstances that PCR counsel was ineffective." *Matthews*, 105 F.3d at 916. Petitioner's default is only excused if he can show cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991). This Court agrees with the Magistrate Judge that Petitioner has not shown evidence of cause and prejudice or a fundamental miscarriage of justice as to his claim regarding the jury instructions on malice. Petitioner has also argued that he is actually innocent but presented no support for this claim. (Dkt. No. 39 at 4).

Notwithstanding the fact that Petitioner's claim is procedurally defaulted, he urges the Court to address the merits of his claim regarding the jury instructions at his trial. In his objections, Petitioner urges the Court to apply *State v. Belcher*, 385 S.C. 597, 600 (S.C. 2009) to his case, where the South Carolina Supreme Court held that "a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide." (Dkt. No. 39 at 3). As Respondent argued in her brief, the Supreme Court also held that "[b]ecause our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is

3

preserved" and that the ruling "will not apply to convictions challenged on post-conviction relief." *Id.* at 612-613. Further, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, *State v. Belcher* is inapplicable to the instant matter.

## CONCLUSION

After a thorough review of the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety as the Order of this Court and the Respondent's motion for summary judgment (Dkt. No. 21) is **GRANTED** and Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

January 19, 2012
Charleston, South Carolina